**Daddy HIKOE, aka Daddy Tjong, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73505.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 2, 2005.

Hilary A. Han, Esq., Victoria J. Dobrin, Esq., Dobrin & Han, LLC, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS-District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Patricia A. Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI and MCKEOWN, Circuit Judges, and KING,* Senior District Judge.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM **

Daddy Hikoe, a citizen and native of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's decision denying his request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition for review.

The BIA's determination of purely legal questions is reviewed de novo. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). In dismissing petitioner's asylum appeal, the BIA concluded that petitioner had not established that it was "more likely than not" that he would be persecuted if forced to return to Indonesia. We have held that asylum applicants need only prove a ten percent chance of future persecution to establish a well-founded fear of persecution. *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir.2004) ("Even a ten percent chance that the applicant will be persecuted in the future is enough to establish a well-founded fear.") (quoting *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir.2004); *Lim v. INS*, 224 F.3d 929, 934 (9th Cir.2000) ("To effect a well-founded fear, a threat need not be statistically more than fifty-percent likely; the Supreme Court has suggested that even a one-tenth possibility of persecution might effect a well-founded fear."). In fact, we have specifically held that an asylum applicant "need not prove, however, that it is more likely than not that his fear will be realized," and instead, a ten percent chance of future persecution is enough to establish a well-founded fear of future persecution. *Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000).

By stating that petitioner's claim as to future persecution failed because he had not shown that it is "more likely than not" that he would be persecuted if forced to return to Indonesia, the BIA applied an incorrect legal standard. Therefore, we remand to the BIA to reconsider petitioner's asylum appeal under the correct legal standard, which is whether petitioner established a ten percent chance of future persecution.

We review for substantial evidence the BIA's denial of withholding of removal. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). Petitioner has failed to show that there is a "clear probability" that he will be persecuted based on an enumerated ground, and therefore his withholding of removal claim fails. *See Lim v. INS*, 224 F.3d 929, 937–38 (9th Cir.2000).

We likewise conclude that the BIA's determination that petitioner is not entitled to relief under CAT is supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002).

Accordingly, we grant the petition for review in part, vacate the BIA's decision, and remand for consideration of Hikoe's asylum application under the correct legal standard.

PETITION GRANTED IN PART; DECISION VACATED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.